752 F.2d 516
 55 A.F.T.R.2d 85-666, 85-1 USTC P 9198, 1
Fed.R.Serv.3d 889
 Jasper D. GATES and Mildred L. Gates, Plaintiffs-Appellants,
v.
UNITED STATES of America, Robert E. Evers, Roger E.
Lankford, and Gerald L. Mihlbachler, individually
and as agents of the United States of
America, Defendants-Appellees.
 No. 82-2201.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 17, 1985.
 
 Thomas E. Cirkal of Cirkal & Sandman, Denver, Colo., for plaintiffs-appellants.
 Thomas A. Gick, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., with Michael L. Paup, Richard W. Perkins and Philip I. Brennan, Attys., Tax Div., Dept. of Justice, Washington, D.C.; and Robert N. Miller, U.S. Atty., Denver, Colo., of counsel, on brief), for defendants-appellees.
 Before McKAY, SETH and DOYLE, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 Plaintiffs filed suit for a refund of federal income taxes for the years 1971, 1972 and 1974. Count I of the complaint sought a refund of individual income taxes in the amount of $11,254.90 for 1971; Count II sought recovery of individual income taxes for 1972 in the amount of $15,717.35; Count III sought recovery of individual income taxes in the amount of $1,475 for the year 1974; Count IV sought an order setting aside a tax sale of the taxpayer's residence to satisfy delinquent taxes; and Counts V and VI sought punitive damages of one million dollars from the federal parties for garnishing the taxpayers' wages, levying on their bank accounts and seizing and selling their residence. Counts III, V and VI were dismissed on April 10, 1981, and there are no issues concerning this dismissal before the court on appeal.
 
 
 2
 Plaintiffs' depositions were first noticed on December 1, 1980, and again on April 16, 1982. Finally, on July 28, 1982, the court ordered that the plaintiffs' depositions be taken on August 24, 1982. At a pretrial hearing held on August 25, 1982, the district court discovered that plaintiffs had failed to appear at the court ordered depositions and dismissed their suit for failure to appear at those depositions. In addition, the court ruled that the taxpayers' claim relating to 1972 was moot and that it lacked jurisdiction to return the taxpayers' residence.
 
 
 3
 On September 24, 1982, counsel for the plaintiffs filed a motion to set aside the dismissal. In this motion, counsel asserted that plaintiffs must not have received notice of the deposition because the letter containing that notice was returned unclaimed. He made no explanation, by affidavit or otherwise, of why notice of the deposition was never received by the plaintiffs.
 
 
 4
 At the very least, the record indicates that plaintiffs, in the midst of litigation, failed to contact their attorney during a period of about sixty days. Given the burgeoning dockets of the district courts and the need to move litigation along, this type of inattention is itself sufficient to justify dismissal. In the past, Rule 37 may have been considered a paper tiger, but the time has now come to put teeth in the tiger. National Hockey League v. American Hockey Club, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); Dellums v. Powell, 566 F.2d 231, 235 (D.C.Cir.1977). The only question properly before us is whether the trial court abused its discretion. We hold that it did not.
 
 
 5
 Because we find that the district court had ample reason to dismiss plaintiffs' complaint for failure to appear at their depositions, we need not consider the other grounds on which the court based its dismissal.
 
 
 6
 Plaintiff's attorney fee issue is not properly before us since the district court failed to act on plaintiff's motions.
 
 
 7
 AFFIRMED.