**Earl IKERD, Individually, and as Father and Legal Guardian of Sandy Ikerd, a Minor, Plaintiff–Appellant,**

v.

**Linda LACY, Individually, and as Assistant Principal of Mustang High School, Jim Middaugh, Individually, and as Principal of Mustang Public School, B.F. Rowley, Individually, and as Superintendent of Schools, Mustang School District No. I–69, Defendants–Appellees.**

No. 86–2528.

United States Court of Appeals, Tenth Circuit.

July 28, 1988.

Arthur R. Angel of Angel, Ikard & Nash, Oklahoma City, Okl., for plaintiff-appellant.

Phyllis L. Walta of Cartwright & Tyree, Oklahoma City, Okl., and Kim S. Taylor of Cathcart, Gofton & Stratton, Oklahoma City, Okl., for defendants-appellees.

Before MOORE, SETH and ANDERSON, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

This is an appeal of two orders entered by the trial court. The first order dismissed appellant's complaint without prejudice and requires if the complaint is refiled $500 be paid to each attorney who attended the scheduling conference. The second order denied appellant's motion to reconsider and to vacate the judgment of dismissal and imposing sanctions.

The facts relevant to this appeal are as follows. Appellant filed a Civil Rights action pursuant to 42 U.S.C. § 1983. The court on August 12, 1986 set a date for a preliminary scheduling conference. The conference was to be held August 27, 1986 at 1:45 p.m. Present at the conference on the 27th were appellees' attorneys but not plaintiff-appellant's attorney. The judge's office called appellant's counsel's office to find out why appellant's attorney was absent. There is a dispute as to what the court was told. Appellant contends the court was advised that appellant's attorney was appearing before another federal judge one floor below and that he would be notified of the hearing and would get there as soon as possible. Appellant's counsel claims he arrived within twenty minutes. Appellees maintain that whoever answered the telephone in appellant's counsel's office only stated that appellant's counsel was involved in another trial, not that he would

be arriving as soon as possible. In addition, appellees claim appellant's attorney never arrived.

The minutes entered at the status conference reflect that the conference began at 1:50 and concluded at 1:55. As a consequence of not notifying the court or opposing counsel of his inability to attend the conference and for not requesting the conference be rescheduled, the court dismissed the complaint without prejudice and imposed fees if the action be refiled. Appellant subsequently moved for the court to reconsider and to vacate the judgment of dismissal and imposing sanctions. The court denied the motion. This appeal followed.

Rule 16 of the Federal Rules of Civil Procedure addresses pretrial conferences, scheduling and management. Subsection (f) provides for sanctions to be imposed upon parties and/or their attorneys who fail to comply with pretrial orders. This section states:

> "If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."

In *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir.), we identified what the standard of review is for reviewing sanctions imposed on a party or a party's attorney who has not followed a scheduling or pretrial order. We held: "Our review of such sanctions is governed by the abuse of discretion standard, in the totality of the circumstances." (Citations omitted.) Furthermore, in *In Re Russell*, 746 F.2d 1419, 1420 (10th Cir.), we stated "the need an appellate court has for the trial court's statement or recitation as to *why* the particular circumstances demonstrated a need for the sanctions imposed." (Emphasis in original.) The Journal Entry of Judgment here explains why the court imposed sanctions:

> "The Court dismissed without prejudice to refiling the Plaintiff's case pursuant to the failure to appear or to properly make arrangements to postpone the Scheduling Conference before Judge Eubanks.
>
> "The Court further found that the Plaintiff will be sanctioned $500.00 per attorney present at the Scheduling Conference if the Plaintiff refiles the cause of action. This sanction was designated as attorney fees for appearing at the Scheduling Conference and the Plaintiff's failure to notify the Defendants of the inability to attend."

█ After reviewing the record in the totality of the circumstances we must conclude that the trial court did not abuse its discretion in dismissing the complaint without prejudice, in imposing attorney's fees or in not vacating its earlier order. Appellant's counsel had been aware for fifteen days that the scheduling conference was to be held August 27, 1986 at 1:45 p.m. He had from the 12th to the 27th to advise the court or opposing counsel of his prior commitment. He simply overlooked this conference. Appellant contends sanctions were not warranted in the instant case because he had not previously missed or been late for any pretrial or scheduling conferences; he had not been in violation of any court rules; opposing party was not seriously prejudiced or harmed by his absence; and because he was absent for a good reason, his involvement in other litigation.

█ Neither contumacious attitude nor chronic failure is a necessary threshold

to the imposition of sanctions. *Matter of Sanction of Baker,* 744 F.2d 1438, 1440 (10th Cir.), *cert. denied,* 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299. Furthermore, being busy in another case does not justify missing a scheduled pretrial conference. As we noted in *Baker,* at 1441:

"[W]e are dealing with the matter most critical to the court itself: management of its docket and avoidance of unnecessary burdens on the tax-supported courts, opposing parties or both. The primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation. The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the court."

The sanctions imposed were within the discretion of the trial court to impose if no appearance is made on behalf of a party at a scheduling conference, and the judge has inherent authority to issue such orders.

Appellant contends that the $500 fee to be paid to each of the attorneys present at the five-minute conference is excessive especially when computed at an hourly rate. However, this is not necessarily the standard and we do not conclude the court abused its discretion as to the amount.

We held in *Baker* that "[i]f the fault lies with the attorney, that is where the impact of sanction should be lodged." *Baker,* at 1442. *See D G Shelter Products Co. v. Forest Products Co.,* 769 F.2d 644, 645 (10th Cir.). In this case this is where the fault and impact of the sanction should be lodged.

AFFIRMED.