905 F.2d 1537
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David C. EISLER, Plaintiff-Appellant,
v.
Mark J. O'CONNOR, Defendant-Appellee.
 No. 89-3268.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1990.
 
 Before KRUPANSKY and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 David C. Eisler appeals the district court's order that levied sanctions against him pursuant to Fed.R.Civ.P. 16(f). Eisler's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App. P. 34(a).
 
 
 2
 In his complaint, Eisler alleged that the defendant owed him $36,350.00 in legal fees. On December 8, 1988, the district court entered an order clearly directing the parties to exchange their trial exhibits by December 12, 1988. Eisler concedes that he did not comply with this order in a timely manner. On January 9, 1989, the district court granted Eisler's motion to dismiss the case without prejudice. However, the court also assessed attorney fees and expenses against Eisler and his former attorney. On February 28, 1989, the district court entered an order that carefully reviewed the defendant's estimated expenses and found that "a total award of $2,500.00, for both attorney fees and expenses, represents adequate compensation for the defendant's reasonable expenses in trial preparation from December 12-23, 1988, and moreover is a sufficient sanction against the plaintiff and his counsel for their failure to comply with the Court's December 6, 1988, pretrial order." It is from this order that Eisler now appeals.
 
 
 3
 As an initial matter, we note that the district court made Eisler "jointly" liable with his former attorney for "the total sum of $2,500.00." The defendant concedes that he has already been paid that total amount by Eisler's former attorney. However, this appeal will not be dismissed as moot because Eisler's attorney may still attempt to seek contribution from him. Cf. Bank of Marin v. England, 385 U.S. 99, 100-01 (1966); but cf. Texas Indus., Inc. v. Radcliff Materials, Inc., 451 U.S. 630 (1981).
 
 
 4
 Eisler's sole argument on appeal is that Fed.R.Civ.P. 37 limits the amount of the award to those expenses that were "caused" by his failure to comply with the court's order. However, the sanctions in the instant case were imposed under Rule 16(f) rather than Rule 37. Rule 16(f) authorizes the imposition of attorney fees and expenses "[i]n lieu of or in addition to any other sanction." Fed.R.Civ.P. 16(f); cf. Ikerd v. Lacy, 852 F.2d 1256, 1258-59 (10th Cir.1988).
 
 
 5
 The district court's order in the present case was clearly intended to sanction Eisler as well as to compensate the defendant. This order is only reviewable for an abuse of discretion. See Fed.R.Civ.P. 16(f) advisory committee's note. The court did not abuse its discretion here because it may impose sanctions to discourage prospective abuses as well as to compensate the parties for abuses that have already occurred. Cf. Lockhart v. Patel, 115 F.R.D. 44, 47 (E.D.Ky.1987). In addition, the district court carefully reviewed and revised the defendant's estimated expenses before entering the order.
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.