930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
In re Wesley R. McKINNEY, Debtor.
Wesley R. McKINNEY, Appellant,
v.
B.P. LOUGHRIDGE, Appellee.
 No. 90-5151.
 United States Court of Appeals, Tenth Circuit.
 March 6, 1991.
 
 Before McKAY, McWILLIAMS and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The appellant, Wesley R. McKinney, appeals from the district court's dismissal of his appeal from a default judgment entered against him by the United States Bankruptcy Court for the Northern District of Oklahoma in favor of the appellee, B.P. Loughridge. McKinney raises one issue for this court to consider: whether a bankruptcy court's entry of a default judgment against a pro se debtor to punish him under Fed.R.Civ.P. 16(f) for failing to attend a pretrial conference constitutes an abuse of discretion where there is no evidence that the debtor was aware of the consequences of his failure to attend the pretrial conference. We hold that the action taken by the bankruptcy court does not constitute an abuse of discretion. Therefore, we affirm the district court's dismissal of McKinney's appeal.
 
 FACTS
 
 3
 In October, 1984, Loughridge attempted to collect on a promissory note against McKinney. As a result on January 10, 1985, McKinney was forced into involuntary bankruptcy by his creditors. Six months later McKinney was convicted[1] and sentenced to serve two consecutive five-year prison terms in Lompoc. Apparently the bankruptcy process proceeded, and on April 18, 1986, Loughridge filed an adversary proceeding objecting to the discharge of McKinney's debt to Loughridge under 11 U.S.C. Sec. 523(a)(2) alleging fraud. On April 22, 1988, the bankruptcy court postponed the adversary proceeding pending McKinney's release from Lompoc.
 
 
 4
 On April 1, 1989, McKinney was released from Lompoc. On May 4, 1989, the bankruptcy court entered an amended scheduling order setting the trial for September 18, 1989. The bankruptcy court set the pretrial conference for August 31, 1989. On July 10, 1989, McKinney was mailed a copy of an order that extended the cutoff date for discovery. The order reaffirmed the August 31, 1988 date for the pretrial conference. Shortly thereafter, McKinney's attorney withdrew from the case. Before he withdrew, McKinney's counsel reminded him about the pretrial conference. On August 22, 1989, Loughridge's counsel sent McKinney a proposed pretrial order, which contained a reminder that the pretrial conference was scheduled for August 31, 1989.
 
 
 5
 McKinney never appeared for the pretrial conference. As a result, the bankruptcy court entered a default judgment against McKinney on the grounds that McKinney willfully chose not to attend the pretrial conference. McKinney appealed the bankruptcy court's entry of a default judgment against him to the United States District Court for the Northern District Court of Oklahoma. McKinney admitted that he knew that the pretrial conference was scheduled on August 31, 1989. McKinney claimed, however, that he did not realize the pretrial conference's significance, nor was he aware of the potential consequences for missing the conference. The district court affirmed the bankruptcy court's decision holding that its decision to enter a default judgment against McKinney did not constitute an abuse of discretion. McKinney now appeals to this court the district court's decision to affirm the bankruptcy court's decision.
 
 ANALYSIS
 
 6
 Under Fed.R.Civ.P. 16(f), the bankruptcy court is entitled to enter sanctions against a party who fails to abide by the court's scheduling order. The court "may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Rule 37(b)(2)(B)-(D) provides a list of sanctions the court can impose in order to punish parties who violate its orders including striking portions of the offending party's pleadings, refusing to allow the offending party to introduce evidence, dismissing the action, and rendering a judgment by default against the offending party. Furthermore, under Rule 16(f), the court can require the offending party to pay the other party's expenses.
 
 
 7
 We review the bankruptcy court's decision to enter a default judgment against McKinney under the abuse of discretion standard. Ikerd v. Lacy, 852 F.2d 1256, 1258 (10th Cir.1988). The Supreme Court has admonished "[t]he question, of course, is not whether ... the Court of Appeals, would as an original matter have [entered a default judgment] ...; it is whether the District Court abused its discretion in so doing." National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976). We will not find an abuse of discretion "unless we have a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Sumitomo Marine and Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir.1980) (quotations omitted).
 
 
 8
 McKinney admits that he wilfully failed to appear at the pretrial conference. Further, as the district court and the bankruptcy court noted below, McKinney had a history of delays in his favor. Although we believe that the better practice would be for bankruptcy courts to warn pro se litigants of the consequences of failing to obey court orders, given the heavy burden needed to show an abuse of discretion, we are unable to conclude that the bankruptcy judge abused his discretion in entering a default against McKinney.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The record does not indicate the offense(s) for which McKinney was charged and convicted