943 F.2d 57
 66 Fair Empl.Prac.Cas. (BNA) 1888
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Allen PAYNE, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 90-3201.
 United States Court of Appeals, Tenth Circuit.
 Sept. 3, 1991.
 
 Before SEYMOUR and EBEL, Circuit Judges, and BABCOCK,* District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from an adverse judgment entered by the United States District Court for the District of Kansas on his civil rights and tort claim brought against his employer. The district court directed a verdict for defendant on Payne's 42 U.S.C. § 1981 (1988) claim for racially discriminatory denial of promotion; the jury rendered a verdict for General Motors Corp. (GMC) on Payne's claim for negligent infliction of emotional distress; and the district court found in favor of GMC on Payne's general claim for racial discrimination in employment under Title VII, 42 U.S.C. § 2000e (1988).
 
 
 3
 On appeal, Payne contends the district court erred:
 
 
 4
 (1) in excluding evidence regarding a consent decree entered in another employment discrimination action involving GMC;
 
 
 5
 (2) by directing a verdict on the section 1981 claim;
 
 
 6
 (3) in excluding testimony by Payne's psychiatric expert on the issue of causation as a sanction for noncompliance with a discovery order; and
 
 
 7
 (4) by modifying certain jury instructions at GMC's request. We address these issues in turn, discussing the facts pertinent to each in the course of our analysis.
 
 I.
 
 8
 During Payne's examination of Timothy Danahy, the personnel director at the GMC plant where he worked, Payne attempted to interject the matter of GMC's settlement of an unrelated class action challenging its performance appraisal system on the basis of its disparate effect on black salaried employees in Michigan, Indiana, and Ohio. See Huguley v. General Motors Corp., 128 F.R.D. 81 (E.D.Mich.1989) (approving consent decree), aff'd, 925 F.2d 1464 (6th Cir.1991). GMC contends that evidence concerning the settlement was properly excluded under the principles expressed in Fed.R.Evid. 408 (restricting admissibility of settlements and settlement offers), Rule 407 (restricting admissibility of subsequent remedial measures), and Rule 404(b) (excluding evidence of other acts to prove character of party in order to show action in conformity therewith). Payne counters that the evidence should have been permitted for the limited purposes of (1) establishing GMC's notice of minority dissatisfaction with its performance appraisal system, and (2) generally providing the "true context" of Payne's personal discrimination and negligence claims.
 
 
 9
 Rulings on the admission or exclusion of evidence are reviewed under an abuse of discretion standard, United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988), and the "district court is granted broad discretion in ruling on the relevancy of evidence," id. We conclude that the district court did not abuse its discretion in excluding evidence of GMC's settlement. The settlement was reached long after the events involved in the instant cases and involved separate litigation over the effect of GMC's performance appraisal system on a class of employees from other facilities in different states. What relevance, if any, such evidence may have had in this case on the matter of notice was clearly outweighed by the unfairly prejudicial effect it plainly would have had in erroneously, but effectively, suggesting to the factfinder that GMC had admitted its appraisal system was in fact discriminatory. See Fed.R.Evid. 401, 403. As for providing a broader context for the factfinder's evaluation of Payne's individualized claims of discrimination and negligent infliction of emotional distress, that is simply a more neutral description of the unfair prejudice warranting exclusion of the Huguley decree.
 
 II.
 
 10
 Payne's section 1981 claim is based on the fact that as a black male employed as a level five associate reliability engineer, he was denied a promotion to level six, while Brian Bitter, a white male, was given such a promotion. The district court granted GMC's motion for directed verdict on this claim because, even assuming the sufficiency of Payne's prima facie case, a matter over which the court expressed substantial doubt, GMC articulated a legitimate, nondiscriminatory reason for its actions that was not rebutted by Payne. See R.Vol. VI at 456; District Court's Memorandum and Order filed March 28, 1990, R.Vol. II, Tab 75 at 7, 11; District Court's Memorandum and Order filed May 30, 1990, R.Vol. II, Tab 79 at 5.
 
 
 11
 GMC contends that a number of the factors leading to the proficiency promotion given Bitter serve to distinguish his situation from that of Payne's. Bitter had a bachelor's degree in automotive technology. He was one of a few employees hired under the "salaried executive in training" (SEIT) program designed to bring in and provide intensified training for qualified people identified as having a great deal of potential for promotion, and he received a "superior" rating on the performance appraisal preceding his promotion. Payne, on the other hand, held only an associate's degree, had no special training comparable to Bitter's, and received a lower, "highly effective," rating on his performance appraisals at the time.
 
 
 12
 We agree with the district court that Payne failed to present evidence sufficient to raise a triable issue of discrimination as to the promotion issue. Payne contends that he exposed the education factor as a pretext because of testimony that a college degree is not a "condition of employment" at the job levels in question. See Brief of Appellant at 25-26. The issue, however, is only whether education was a legitimate factor in the decision to promote. On this point, GMC's director of personnel testified that during the time frame in question, GMC was trying to increase the education level of its salaried work force to meet anticipated needs, and that in fact, the SEIT promotion program that brought Bitter to the plant was a part of that process. See R.Vol. IV at 310-12. Similarly, GMC's EEO supervisor testified that educational background was also one of the factors relied on in assessing candidates for the pre-supervisory training program Payne had previously failed to qualify for.[1] See R., V. V at 430. As for the matter of Bitter's special training itself, Payne presented no evidence, and has evidently never maintained, that Bitter's opportunity to participate in the SEIT program was related in any way to race discrimination.
 
 
 13
 More persuasive, at least at first blush, is Payne's argument that the performance evaluation process was substantially subjective. This court has held that "the use of subjective factors supports an inference of pretext when an employer justifies rejection of a minority candidate on the basis of such factors even though the minority is objectively better qualified than the non-minority chosen." Mohammed v. Callaway, 698 F.2d 395, 401 (10th Cir.1983). In light of what we have said above, however, we conclude that Payne failed to establish he was objectively better qualified than Bitter and, therefore, the inference of pretext discussed in Mohammed has no application here.
 
 
 14
 In addition to his unsuccessful attempt to expose GMC's proffered rationale as pretextual, Payne could have tried to meet his ultimate burden on the section 1981 claim directly, by showing that racial discrimination actually motivated GMC with respect to its challenged promotional decision. See Drake v. City of Fort Collins, 927 F.2d 1156, 1160 (10th Cir.1991). The standard of review in ruling on a motion for directed verdict is the same in the district court and on appeal. See Guilfoyle ex rel. Wild v. Missouri, Kan. & Tex. R.R., 812 F.2d 1290, 1292 (10th Cir.1987). Under this standard, we are required "to determine whether, viewing the evidence in the light most favorable to the nonmoving party, the evidence and inference to be drawn from it are so clear that reasonable minds could not differ." Id. After reviewing the record, we concur in the district court's decision to direct a verdict in favor of defendant on plaintiff's section 1981 claim.
 
 III.
 
 15
 Prior to trial, the magistrate judge issued a report and recommendation, R.Vol. I, Tab 31, in which he concluded, for procedural reasons discussed at some length, that the trial testimony of Dr. Fred Fayne, Payne's treating physician and psychiatric expert witness, should be limited to those matters expressed in Dr. Fayne's statement of February 2, 1988, see Appellant's Addendum at 119. The district court adopted and enforced that recommendation at trial, in particular precluding Dr. Fayne from expressing an opinion identifying the alleged discriminatory conditions of Payne's employment as a proximate cause of his psychological problems, see R.Vol. III at 4-8; R.Vol. IV at 244-48.
 
 
 16
 We review the district court's enforcement of the sanction against Payne only for an abuse of discretion. See Ikerd v. Lacy, 852 F.2d 1256, 1258 (10th Cir.1988) (sanction for failure to follow scheduling or pretrial order under Fed.R.Civ.P. 16(f)); Gates v. United States, 752 F.2d 516, 517 (10th Cir.
 
 
 17
 We review the district court's enforcement of the sanction against Payne only for an abuse of discretion. See Ikerd v. Lacy, 852 F.2d 1256, 1258 (10th Cir.1988) (sanction for failure to follow scheduling or pretrial order under Fed.R.Civ.P. 16(f); Gates v. United States, 752 F.2d 516, 517 (10th Cir.1985) (sanction for discovery abuse under Fed.R.Civ.P. 37). In light of the facts recited in the magistrate judge's report and recommendation, which have not been disputed by Payne, the limitation of Dr. Fayne's testimony to his prior statement was appropriate. The district court properly applied the limitation in excluding proximate cause testimony, as no opinion regarding the issue was expressed in the statement. Accordingly, we hold that the district court did not abuse its discretion in precluding Dr. Fayne from testifying regarding the cause of Payne's disabling psychological condition.
 
 IV.
 
 18
 Finally, Payne challenges two of the jury instructions given at trial, both of which were prepared by the district court and subsequently modified at GMC's request. As we read the record, see R.Vol. VI at 460-64, 500, Payne failed to raise and explain adequately to the district court the particular grounds for his objections to GMC's requested modifications. See Fed.R.Civ.P. 51 (to preserve instructional error, party must "stat[e] distinctly the matter objected to and the grounds of the objection"); see also Aspen Highlands Skiing Corp. v. Aspen Skiing Co., 738 F.2d 1509, 1514 (10th Cir.1984) (counsel must "make abundantly clear to the trial court the objecting party's position"), aff'd, 472 U.S. 585 (1985). Consequently, we will not disturb the result reached below on this basis unless the challenged instructions are "patently plainly erroneous and prejudicial." Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1054 (10th Cir.1988).
 
 
 19
 Payne's challenge to instruction No. 5 focuses on the district court's alteration of its original statement, "defendant ... denies it was negligent and discriminated against plaintiff," so as to read, "defendant ... denies that it negligently discriminated against plaintiff." In light of Payne's theory of the case, i.e., that through GMC's negligence Payne suffered emotional distress as a result of discrimination in connection with his employment, see instructions Nos. 8 and 9, the revised version of instruction No. 5 did not materially alter the sense of the original. No reversible error was committed under these circumstances.
 
 
 20
 Payne also challenges a revision of instruction No. 11 on punitive damages. We agree with GMC that because the jury rejected Payne's case on liability, this issue is moot.
 
 V.
 
 21
 For the foregoing reasons, we hold that Payne has failed to establish any reversible error in connection with these proceedings. Accordingly, the determination reached by the district court and jury must stand.
 
 
 22
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. Pending procedural motions are DENIED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In 1984, Payne was one of a group of candidates for another, "pre-supervisory training" program intended to prepare nonsupervisory employees for promotion, but he failed to qualify through the applicable assessment process. Payne did not present any evidence to show that the selection process for the program discriminated against him in any way based on race