952 F.2d 1401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arthur J. CLEMENS, Jr., Plaintiff-Appellant,
v.
KANSAS, STATE OF; Miami County District Court; Kansas
Court of Appeals; James H. Clemens; David E. Clemens;
Arthur J. Clemens, Sr.; Robert Nicholson; Miami County
National Bank; Richard Clemens; Timothy Clemens;
Katherine Mientka; James Robert Clemens; Christopher
Clemens, Defendants-Appellees.
 No. 91-3253.
 United States Court of Appeals, Tenth Circuit.
 Jan. 17, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's dismissal of his claims challenging the administration and dissolution of a trust of which he was a beneficiary and challenging the state court proceedings which dissolved the trust. Plaintiff asserted twenty-one claims, under both state and federal law, against thirteen Defendants.
 
 
 3
 The district court dismissed Plaintiff's claims against three of the Defendants, the State of Kansas, the Miami County, Kansas district court, and the Kansas Court of Appeals, determining that sovereign immunity barred the assertion of these claims in federal court. Reviewing the district court's decision de novo, we have considered Plaintiff's arguments and find no error. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." (citations omitted)).
 
 
 4
 The district court granted motions to dismiss filed by two of the Defendants, the Miami County National Bank (Bank), and James Robert Clemens. Reviewing de novo the district court's order granting the Bank's motion to dismiss under Fed.R.Civ.P. 12(b)(6), see Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989) (quoting Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986)), we affirm. Further, Plaintiff fails to assert any specific argument on appeal concerning the district court's decision granting Defendant James Robert Clemens' motion to dismiss and we must, therefore, affirm.
 
 
 5
 The district court dismissed, without prejudice, Plaintiff's claims against Defendants Arthur J. Clemens, Sr., Katherine Mientka, and Christopher Clemens under Fed.R.Civ.P. 4(j) for failure to effect service of the summons and complaint. The district court did not abuse its discretion in dismissing these claims without prejudice. See Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir.1991) ("We review the district court's dismissal for untimely service for an abuse of discretion.").
 
 
 6
 Lastly, the district court, pursuant to Fed.R.Civ.P. 16(f), dismissed, without prejudice, Plaintiff's claims against Defendants James H. Clemens, David E. Clemens, Robert Nicholson, Richard Clemens, and Timothy Clemens, in light of Plaintiff's failure to attend the scheduling conference and in light of the lack of interest Plaintiff showed in prosecuting this case. Reviewing the district court's dismissal of these claims only for an abuse of discretion, see G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 825 (10th Cir.1990), we affirm. See Ikerd v. Lacy, 852 F.2d 1256, 1258-59 (10th Cir.1988) (district court did not abuse its discretion in dismissing complaint without prejudice because plaintiff's attorney failed to appear at pretrial conference).
 
 
 7
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3