5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kascina OWENS, Plaintiff-Appellant,
v.
OKLAHOMA UNIVERSITY HEALTH SCIENCES CENTER, sued as
University of Oklahoma Health Sciences Center,
Defendant-Appellee.
 No. 92-6397.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Kascina Owens appeals from the district court's dismissal of her complaint for failure to prosecute. Plaintiff's complaint, filed pro se, alleged violations of her constitutional rights pursuant to Title VII of the Civil Rights Act of 1964. The court issued an order directing plaintiff to show cause as to why her case should not be dismissed for her failure to appear at a scheduling conference and to submit a status report to the court. Finding plaintiff's response insufficient, the district court dismissed plaintiff's case for a failure to prosecute.[2]
 
 
 3
 The single issue presented for appellate review is whether the district court erred in dismissing plaintiff's complaint for want of prosecution. We will not disturb the district court's dismissal decision absent an abuse of discretion. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962); DeBardeleben v. Quinlan, 937 F.2d 502, 504 (10th Cir.1991). Although the district court has inherent power to dismiss for failure to prosecute, Link, 370 U.S. at 630-31, dismissal is a severe sanction appropriate only when a less drastic sanction would not serve the interest of justice, Meade v. Grubbs, 841 F.2d 1512, 1520 (10th Cir.1988). The trial court's decision to dismiss must state why the circumstances warrant the sanction imposed. See Ikerd v. Lacy, 852 F.2d 1256, 1258 (10th Cir.1988).
 
 
 4
 The district court posited its dismissal decision upon plaintiff's misrepresentation of her reasons for her failures in her response to the show cause order. In her response, plaintiff stated that she was "unaware of this Court's requirement to appear at a scheduling conference and submit a status report to the Court." Appellant's App. at 16. On the contrary, the record indicates, and plaintiff does not adequately refute, that she was aware of the scheduling conference and of her obligation to submit a status report to the court. Id. at 11-12. In fact, she called the court clerk the day before the conference to confirm the time and acknowledge her attendance. Id. at 20. In addition, counsel for defendant attempted to correspond with plaintiff regarding the status report, but received no cooperation or reply. Id. at 21. Therefore, the district court determined that her representations to the court were not truthful.
 
 
 5
 We therefore conclude that the district court's reasons afford a sound basis for its decision, and the court did not abuse its discretion in dismissing plaintiff's complaint.[3] The judgment of the United States District Court for the Western District of Oklahoma dismissing plaintiff's complaint is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Federal Rule of Civil Procedure 41(b) states:
 For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
 
 
 [3]
 Although the district court did not specifically state that it was dismissing plaintiff's complaint with prejudice, pursuant to Fed.R.Civ.P. 41(b), this dismissal operates as an adjudication on the merits and therefore is a dismissal with prejudice