**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**MAY 24 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

CURTIS L. MURRAY, JR.,

      Plaintiff - Appellant,

v.

THE CITY OF TAHLEQUAH,
OKLAHOMA; CHEROKEE
COUNTY, OKLAHOMA; SURETY
COMPANY(S),

      Defendant - Appellee.

No. 00-7007
(D.C. No. 99-CV-522-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

      Curtis L. Murray, Jr., appearing pro se, appeals from the district court's

denial of his motion for continuance and subsequent sua sponte dismissal of his

action for failure to appear and prosecute at a status and scheduling conference.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we reverse.

---

      [*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Murray filed his complaint in the instant action on September 29, 1999, in the United States District Court for the Eastern District of Oklahoma, asserting numerous causes of action arising from an allegedly unlawful arrest. On October 7, 1999, the district court mailed a notice to all parties instructing them to meet as soon as practicable and setting a status and scheduling conference for October 28, 1999. Murray filed a motion to continue the scheduling conference on October 25, 1999, on the ground that the defendants had not yet been served. The district court denied the motion the same day, notifying him of its decision both in writing and by leaving a message on his answering machine. When defendants appeared for the scheduling conference but Murray did not, the district court entered an order dismissing the case "for failure of the plaintiff to appear and prosecute at status and scheduling conference." (I R. Doc. 8.)

Murray first argues the district court erred in denying his motion to continue the scheduling conference. We review that denial for abuse of discretion. See United States v. Simpson, 152 F.3d 1241, 1251 (10th Cir. 1998). The proffered reason for the continuance was that the defendants had not yet been served and therefore might not appear. We hold the district court did not abuse its discretion in concluding that Murray's concern for defendants did not warrant a continuance. If defendants required a continuance, they themselves were presumably capable of requesting one.

Next, Murray argues the dismissal for failure to appear and prosecute was unwarranted and in violation of his right to due process. A district court has the authority to dismiss a case sua sponte for failure to appear at a scheduling conference, and we will not reverse such a dismissal unless it was an abuse of discretion. See Link v. Wabash, 370 U.S. 626, 633 (1962); see also Fed. R. Civ. P. 16(f); E.D. Okla. R. 16.1(c). Because the law favors disposition of litigation on its merits, however, dismissal with prejudice is a severe sanction appropriate only when a less drastic sanction would not serve the interest of justice. See Meade v. Grubbs, 841 F.2d 1512, 1520 (10th Cir. 1988). Accordingly, the district court should ordinarily consider and address all of the following factors on the record before opting for the sanction of dismissal: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted).

The district court did not conduct the analysis set forth in Ehrenhaus, thereby preventing "this court from engaging in any meaningful review of the trial court's decision." Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994). Moreover, it is not apparent from the evidence in the record before us that a

proper weighing of the Ehrenhaus factors would necessarily result in the sanction of dismissal with prejudice. We therefore conclude that the district court abused its discretion in dismissing with prejudice Murray's action.

The unpublished decisions cited by appellees illustrate why dismissal was an abuse of discretion, rather than bolstering their contention that dismissal was warranted. In Zenati v. Echostar, Inc., No. 99-1233, 2000 WL 43719, at **1 (10th Cir. Jan. 20, 2000), the district court dismissed the action for failure to prosecute only after it "carefully analyzed the [Ehrenhaus] factors," including the failure to appear at three scheduling conferences, timely provide discovery, and cooperate in preparing a pretrial order. In the instant case, by contrast, the record reveals only a single failure to comply with procedural rules and no analysis of the Ehrenhaus factors. Unlike in Robbalaa v. United States, No. 97-7144, 1998 WL 317475, at **1 (10th Cir. June 11, 1998), Murray was not allowed "a full and fair opportunity to provide justification for his absence." And, unlike in Owens v. Oklahoma University Health Sciences Center, No. 92-6397, 1993 WL 335804, at **1 (10th Cir. Aug. 27, 1993), Murray has not misrepresented the reason for his failure to appear at the scheduling conference in response to an order to show cause.

More applicable to the present facts are those cases holding that dismissal with prejudice was an abuse of discretion. As in Meade, 841 F.2d at 1520,

- 4 -

Murray's "only infraction was his failure to appear at a hearing on pre-trial matters which were the first noticed for disposition in the case." Although Murray's "failure to appear at the status conference certainly reflects on his culpability, nothing in the record bears on how this single failure might have prejudiced the defendants or the meaningful impact, if any, on the judicial process itself." Hardage v. James, No. 00-7019, 2000 WL 565057 (10th Cir. May 11, 2000) (unpublished) (citing Murray v. Archambo, 132 F.3d 609, 610-11 (10th Cir. 1998)). To paraphrase Hardage, the proper procedure in this particular case would have been for the district court to issue a show cause order directing Murray to account for his failure to appear. Then, after an on-record balancing of Murray's response against the factors set out in Ehrenhaus, the court should have determined whether dismissal with prejudice was the appropriate sanction.

The judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge