**Rickke L. GREEN, Plaintiff–Appellant,**

**v.**

**David. DORRELL, Jerry Brown, James Walters, Mark Aldridge, James L. Franklin, Paul Rogers, J. Mike Pruitt, Danny Nance, Tom Lovlace, Bobby Boone, James L. Saffle, Gary Parsons, Gary Maynard, Defendants–Appellees.**

No. 91–7133.

United States Court of Appeals, Tenth Circuit.

July 9, 1992.

Rickke L. Green, plaintiff-appellant, pro se.

Susan B. Loving, Atty. Gen. of Okl., and Robert M. Anthony, Asst. Atty. Gen., Oklahoma City, Okl., for defendants-appellees.

Before MOORE, TACHA and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff-appellant Rickke L. Green appeals an order of the district court granting appellees' motion to dismiss.[1] On appeal, Green contends that the district court abused its discretion in dismissing his complaint. He also asserts that the district court erred in not ruling on his motion for recusal. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Green's complaint, filed on August 5, 1991 and brought pursuant to 42 U.S.C. § 1983, alleged that appellees violated his civil rights. On October 7, 1991, Green filed a motion to substitute counsel and named the attorney requested as a substitute. On October 15, 1991, appellees filed a motion to dismiss or, in the alternative, a motion for summary judgment. Green filed a motion to dismiss counsel on October 28, 1991. On November 12, 1991, Green's counsel filed an application to withdraw and a request for extension of time.

Three days later, on November 15, 1991, Green filed a motion requesting that the language naming a substitute attorney in his motion to substitute counsel be stricken. On December 13, 1991, the district court entered an order denying Green's motion to dismiss counsel, an order denying Green's counsel's application to with-

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted *without oral argument*.

draw and request for extension of time, and an order granting appellees' motion to dismiss. On that same day, Green also filed a motion for recusal, which the district court did not address.

█ Although we construe Green's pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987). The district court granted appellees' motion to dismiss because Green failed to comply with Local Rule 14(a) of the United States District Court for the Eastern District of Oklahoma. Local Rule 14(a) provides that a party must file a memorandum in opposition to a motion "within ten days after the filing of the motion. Failure to comply with this paragraph will constitute waiver of objection by the party not complying, and such failure to comply will constitute a confession of the matters raised by such pleadings." Further, Local Court Rule 4(i) specifically provides for withdrawal of counsel from a case. It states that

> [i]n civil or criminal actions, wherein appearance is made through counsel, there shall be no withdrawal by counsel except by leave of Court upon reasonable notice to the client and all other parties who have appeared in the case. Withdrawal of counsel may be granted subject to the condition that subsequent papers may continue to be served upon the counsel for forwarding purposes or upon the Clerk of the Court, as the Court may direct, unless and until the client appears by other counsel or *in propria persona.*

Because Fed.R.Civ.P. 11 provides that "[e]very pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney," it is clear that a represented party must have his current counsel file a motion to withdraw counsel.

Green contends that dismissal of his claim results in an impermissibly harsh application of the local rule. Although dismissal is indeed a drastic sanction, we have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders. *See Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir.1988) (citing *Sheftelman v. Standard Metals Corp.,* 839 F.2d 1383, 1387 (10th Cir.1987)); *Gates v. United States,* 752 F.2d 516 (10th Cir.1985); *Mertsching v. United States,* 704 F.2d 505 (10th Cir.), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Ohio v. Arthur Anderson & Co.,* 570 F.2d 1370 (10th Cir.), *cert. denied,* 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978).

In *Meade v. Grubbs,* 841 F.2d 1512 (10th Cir.1988), we reviewed a dismissal based on a similar local rule. The plaintiff in *Meade* filed a pro se complaint on July 3, 1984, alleging physical violence, emotional distress and denial of medical care by three Oklahoma County sheriffs. He twice amended the complaint to alter allegations and the names listed as defendants. Between August 31 and September 24, the defendants filed a series of motions under Fed.R.Civ.P. 12(b)(6) to dismiss the second amended complaint for failure to state a claim on which relief could be granted. On October 4, an attorney filed an entry of appearance to represent Meade and an application for extension of time until October 15 to respond to the defendants' motions; the attorney stated that he needed more time to properly respond to the motion because he had only recently been hired. On October 15, 1984, the district court denied the application and two days later dismissed Meade's action with prejudice in part because he did not properly file a response to the defendants' motions under Rule 14(a).

█ We held that, in evaluating the propriety of a trial court's action in dismissing a claim with prejudice, the court should focus on three aggravating factors: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; and the culpability of the litigant. *See id.* at 1521. Dismissal is the appropriate sanction only when these factors outweigh the judicial system's strong predisposition to resolve cases on their merits. *See id.* at 1520 n. 7.

Unlike *Meade*, this case does not present us with an appellant whose only infraction was failure to appear at a hearing on pretrial matters. Instead, the record here indicates that Green not only failed to timely respond to appellees' motion to dismiss, but he also filed several motions directly to the court and not through his appointed counsel. Green's infractions were more severe than Meade's and justify the drastic sanction of dismissal. For example, in *Meade* the evidence did not suggest any prejudice to appellees by Meade's failure to comply with the local rules. In contrast, in this case appellees could have been prejudiced by delay caused by Green's failure to abide by the local rules. The events alleged in his complaint occurred at least two years before he filed his complaint. The added delay caused by Green's failure to respond to appellees' motion to dismiss disfavored appellees because the memory and availability of witnesses diminishes with time. In addition, Meade's attorney requested only a six-day extension resulting in de minimus inconvenience to the district court. *Id.* Meade also followed local rules to introduce counsel, whereas Green interfered with the judicial process by attempting to dismiss counsel and substitute counsel without filing the appropriate motions through his counsel, as required by Fed.R.Civ.P. 11 and Local Court Rule 4(i). Finally, Meade's failure to respond to motions before properly introducing counsel did not indicate culpability sufficient to justify dismissal. However, Green's inappropriate attempts to dismiss and substitute counsel and failure to file an opposing motion were more severe infractions appropriately warranting dismissal.

The facts of this case also lead to a different resolution than was appropriate in *DeBardeleben v. Quinlan*, 937 F.2d 502 (10th Cir.1991). In *DeBardeleben*, the appellant filed a pro se civil action in July 1988 and claimed that defendants violated his constitutional right of access to the courts by denying him adequate opportunities to use a prison law library and by withholding legal materials related to his other pending legal actions. *Id.* at 503. The appellant made efforts to compel the

district court to expeditiously decide the matter. The case was reassigned from one district court judge to another, and a copy of the minute order reassigning the case was sent to the appellant at his last known address. *Id.* at 504. After the order was returned to the court clerk's office with no forwarding address, the court dismissed the action with prejudice for want of prosecution under a district court local rule which required all parties to notify the court clerk in writing of address changes. *Id.* at 504.

Unlike our case, the appellees in *DeBardeleben*, 937 F.2d at 502, were not prejudiced when an order was returned to the court clerk without a forwarding address, as the order was executed merely to inform DeBardeleben that the case had been reassigned to another judge; the failure to supply a new address did not require the appellees to take any action. Therefore, the appellees were not affected by the delay in the order's return. In addition, interference with the judicial process was not determinative since failure to supply a forwarding address did not prevent the district court from ruling on the motion. *See id.* at 504. In summary, there was limited or no evidence of DeBardeleben's culpability. DeBardeleben did not exhibit any indication of intentional delay or bad faith, whereas Green's actions demonstrate a pattern of consciously failing to abide by the local rules. In fact, DeBardeleben's actions demonstrated vigorous prosecution strongly suggesting that the infringement of the local rule was a single, unintentional incident, making the sanction of dismissal inappropriately severe.

Green also contends that the sanction, if any, should be imposed against his former counsel. Green submitted that he was dissatisfied with his counsel's representation and claims that he was deprived of access to information. However, this dismissal resulted from Green's conduct—not his counsel's—of filing multiple motions to the court in violation of the Federal Rules of Civil Procedure and of the Local Court Rules.

In addition, Green argues that the district court committed reversible error in not ruling on his motion for recusal. A district court judge must not proceed further when a party makes and files a *timely* and *sufficient* affidavit that the first judge has a personal bias or prejudice. *See* 28 U.S.C. § 144. Here, Green's affidavit was neither timely nor sufficient. First, Green did not file his affidavit when he first learned of facts that allegedly showed bias and prejudice. Green simply failed to explain why he waited to seek disqualification. "The affidavit is insufficient if it merely states conclusions, rumors, beliefs and opinions; it must 'state with required particularity the identifying facts of time, place, persons, occasion, and circumstances.'" *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir.1988) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987) (per curiam)). The most substantial point in Green's recusal motion is based on adverse rulings by the district court. However, adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification. *See id.* at 1268. Thus, the district court did not err in failing to rule on Green's motion.

Finally, we note that the district court merely dismissed Green's claim without providing any reasons for the dismissal. Although the reasons for the district court's dismissal would have been helpful, after reviewing the facts of this case, we cannot conclude that the district court abused its discretion in dismissing Green's claim.

AFFIRMED.