986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William H. WARREN, Jr., Plaintiff-Appellant,
v.
Ted WALLMAN, Warden, Mack H. Alford Correctional Center,
Defendant-Appellee.
 No. 92-7040.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1993.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant William H. Warren, Jr., appeals the district court's order dismissing his civil rights claims, 42 U.S.C. § 1983, as frivolous under 28 U.S.C. § 1915(d). Plaintiff, proceeding pro se and in forma pauperis, commenced this action initially alleging that prison officials were unconstitutionally censoring outgoing inmate mail. Plaintiff subsequently filed an amended complaint adding two new defendants, Sam Key and Michael C. Taylor, and alleging that all of the defendants had subjected him to unwarranted prison disciplinary action in retaliation for his filing the original civil rights complaint.
 
 
 2
 The district court dismissed plaintiff's original complaint and that dismissal was affirmed on appeal. Warren v. Wallman, No. 87-2031 (10th Cir. Mar. 1, 1989) (unpublished). This court remanded the case to the district court, however, for consideration of the claims plaintiff asserted in his amended complaint. Id., slip op. at 3-4. On remand, the district court ultimately dismissed these claims as frivolous under § 1915(d). Plaintiff appeals that dismissal.
 
 
 3
 As an initial matter, plaintiff challenges the procedure employed by the district court in dismissing these claims. Previous to the § 1915(d) dismissal, the district court had denied defendants' motion to dismiss these claims under Fed.R.Civ.P. 12(b)(6), which the district court treated as a motion for summary judgment under Fed.R.Civ.P. 56. See Fed.R.Civ.P. 12(b). On appeal, plaintiff argues that the district court erred in sua sponte dismissing these claims as frivolous, in light of the court's earlier decision denying defendants summary judgment.
 
 
 4
 The district court's order denying defendants summary judgment was not a final order. See generally Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (final order ends litigation on merits and leaves nothing for court to do but execute judgment). A district court possesses the discretion to revise its interlocutory orders prior to entry of a final judgment. Riggs v. Scrivener, Inc., 927 F.2d 1146, 1148 (10th Cir.), cert. denied, 112 S.Ct. 196 (1991). Further, § 1915(d) dismissals are often entered by a district court sua sponte. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). The district court, therefore, did not err procedurally in sua sponte dismissing plaintiff's claims as frivolous under § 1915(d).
 
 
 5
 Plaintiff next asserts that the district court nonetheless erred in determining that plaintiff's claims were frivolous. As a matter preliminary to our consideration of the merits of these claims, defendants argue that the district court should have dismissed plaintiff's claims asserted against Defendants Key and Taylor under Fed.R.Civ.P. 4(j) because plaintiff failed to serve the summons and amended complaint upon these defendants. Although the district court did not address this argument, defendants did raise this issue in their second motion for summary judgment. See Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988) (appellate court is free to affirm on ground supported by record, but upon which district court did not rely).
 
 
 6
 Rule 4(j) provides, in pertinent part, that
 
 
 7
 [i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
 
 
 8
 Plaintiff, with the district court's permission, filed the amended complaint on September 27, 1989. The record before this court, however, indicates that plaintiff never effected personal service of the summons and amended complaint upon these two newly added defendants. Plaintiff asserts that a copy of the amended complaint was mailed to the Oklahoma Attorney General, who had entered an appearance on behalf of the original defendant, Mr. Wallman. Assuming that the attorney general would represent Defendants Key and Taylor in this matter, mailing a copy of the amended complaint to the attorney general would still not be effective service of the amended complaint as required under Rule 4. See Santos v. State Farm Fire & Casualty Co., 902 F.2d 1092, 1094 (2d Cir.1990) (service of party's attorney rather than party is not effective unless there is clear evidence that defendant had specifically appointed attorney to receive service of process on his behalf).
 
 
 9
 Although plaintiff, as a pro se litigant, is entitled to a liberal construction of his pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), he is still obligated to follow the rules of procedure, Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.1992), including Rule 4's requirements for the service of a summons and complaint. Cf. Jones v. Frank, 973 F.2d 872 (10th Cir.1992) (this court affirmed district court's dismissal of pro se litigant's action under Rule 4(j) due to lack of proper service). Plaintiff has failed to show good cause why he did not serve the amended complaint upon Defendants Key and Taylor within 120 days of his filing the amended complaint. Dismissal of plaintiff's claims asserted against these two defendants is, therefore, appropriate.
 
 
 10
 Rule 4(j), however, provides that dismissal for lack of service is to be without prejudice. Because the district court's dismissal followed consideration of the merits of these claims, we must vacate that order and remand these claims with instructions to dismiss without prejudice as to Defendants Key and Taylor.
 
 
 11
 Our determination that Defendants Key and Taylor were never properly made parties to this action leaves for consideration on appeal only the merits of plaintiff's retaliation claim against Defendant Wallman. Plaintiff asserts that the district court erred in dismissing this claim as frivolous. We will review a § 1915(d) dismissal only for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A claim will be deemed frivolous under § 1915(d) only if it lacks an arguable basis in law or fact. Neitzke, 490 U.S. at 324.
 
 
 12
 An inmate does have a right to be free from conduct by prison officials taken in an effort to harass or retaliate against the inmate due to the exercise of his right of access to the courts. Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990). A retaliation claim may be actionable even though purportedly retaliatory action taken by prison officials would otherwise be permissible. Id. at 948.
 
 
 13
 Plaintiff alleged that, soon after he had filed the original civil rights complaint in this action, Defendant Wallman approached him in the prison yard and "stated that he had been receiving information that Plaintiff has been trying to juice the youngsters into starting trouble." Amended complaint at 3. In subsequent pleadings, plaintiff also named Defendant Wallman as one of the prison officials who affirmed plaintiff's disciplinary conviction based upon the results of a drug test which he also challenges as retaliatory.
 
 
 14
 These allegations are too vague and conclusory to be sufficient to state a claim arguably based in law or fact. See Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir.1990). Although plaintiff alleges additional retaliatory conduct purportedly taken by other prison officials, following Defendant Wallman's encounter with plaintiff in the prison yard, plaintiff fails to allege that Defendant Wallman personally participated in any of that subsequent conduct. A defendant cannot be liable under § 1983 unless that defendant personally participated in the challenged action. Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir.1988). In light of plaintiff's vague and conclusory allegations asserted against Defendant Wallman, the district court did not abuse its discretion in dismissing this claim as frivolous under § 1915(d).
 
 
 15
 The judgment of the United States District Court for the Eastern District of Oklahoma dismissing plaintiff's claims against Defendants Key and Taylor is VACATED and those claims are REMANDED to the district court with instructions to dismiss those claims without prejudice. In all other respects, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3