21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Luis S. GONZALES, Plaintiff-Appellant,
v.
Gary L. HENMAN, G. Clark, and Michael R. Atty, Defendants-Appellees.
 No. 93-3258.
 United States Court of Appeals, Tenth Circuit.
 April 7, 1994.
 
 ORDER AND JUDGMENT*
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 During his incarceration at Leavenworth Penitentiary, Appellant Luis Gonzales' prison cell caught on fire. As a consequence, Appellant brought suit claiming that Appellee Michael Atty, a Leavenworth staff member, purposefully set his cell ablaze in an attempt to murder Appellant. Appellant further alleged that Appellee Glen Clark, another staff member at Leavenworth, conspired with Mr.Atty to cover up the incident.
 
 
 3
 Appellees filed a motion to dismiss, or in the alternative, for summary judgment in which they provided specific evidence refuting Appellant's claims and demonstrating that Mr.Atty had in fact extinguished the fire. After Appellant failed to respond within the time prescribed by Kansas state law, the trial court ordered Appellant to show cause within ten days why his action should not be dismissed for lack of prosecution. Appellant again failed to respond, and subsequently the court entered summary judgment for Appellees. Thereafter, Appellant appealed alleging that the trial court's decision was erroneous, particularly because the court did not hear testimony from a certain witness.
 
 
 4
 It is well settled that pro se litigants such as Appellant are held to a less stringent standard than professional attorneys. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.). Nevertheless, such litigants "must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.). The Supreme Court stated that "a party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256. "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).
 
 
 5
 In the case before us, it is undisputed that Appellant did not respond to Appellees' motion, despite having ample opportunity to do so. Moreover, the record reflects that Appellees' motion was well taken and properly supported by affidavits and other evidence. Thus, the remaining question is whether summary judgment is "appropriate" as that term is used in Rule 56. After carefully examining the record, we must conclude that the answer to this question is in the affirmative. Appellant's complaint is merely conclusory and lacks factual support. Since Appellant failed to provide the trial court or this court with any facts which would create a genuine dispute regarding his substantive claims, summary judgment was appropriate. See Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.).
 
 
 6
 For purposes of thoroughness, we find Appellant's assertion that the trial court erred by not hearing his witness' testimony to be unpersuasive because Appellant has not identified the nature and content of the witness' testimony that would in some way give rise to a genuine dispute of a material fact. Merely stating that a witness is available to testify does not, by itself, suffice to create a factual dispute.
 
 
 7
 Accordingly, we grant Appellant leave to proceed in forma pauperis and AFFIRM the decision of the UnitedStates District Court for the District of Kansas on the merits.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November29, 1993. 151 F.R.D. 470