73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harvey M. ASHLEY, Plaintiff-Appellant,
v.
Randal HARRIS, David Collier, Defendants-Appellees.
 No. 95-2137
 United States Court of Appeals, Tenth Circuit.
 Jan. 3, 1996.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 EBEL, Judge
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This case involves a civil suit by Harvey Ashley ("Ashley") against Randall Harris, a district attorney, and David Collier, a police officer, for violation of his civil rights. Proceeding pro se and in forma pauperis, Ashley asserted in the district court violation of his civil rights under 42 U.S.C.1983 and 18 U.S.C. 242. Specifically, he complained of false arrest, use of excessive force, violation of his right to privacy, deprivation of property, and failure to present exculpatory evidence to a Grand Jury. See R.O.A. Doc. # 3, Amended Complaint. On April 3, 1995, Defendants-Appellees filed an Answer with Affirmative Defenses, together with a memorandum in support of all affirmative defenses. Defendants moved for dismissal on the grounds that defendant Harris was absolutely immune for actions taken as prosecutor before the Grand Jury; Ashley had failed to state a claim for violation of his civil rights under 42 U.S.C.1983 as to false arrest, use of excessive force, invasion of privacy, or deprivation of property; and Ashley lacked standing to assert alleged claims of family members.[2] Ashley did not respond to the Answer with Affirmative Defenses filed by Defendants-Appellees.
 
 
 3
 On June 9, 1995, the district court dismissed Ashley's Amended Complaint with prejudice because Ashley's failure to file a brief in opposition to Defendants-Appellees' motion constituted consent to grant the motion under D.N.M.LR-Cv 7.8. The district court went on to say that, in any event, the Defendant's motion was meritorious as a matter of law. Ashley now appeals the district court's Order dismissing his complaint.
 
 
 4
 Ashley argues on appeal that the district court erred in dismissing his case because, as a pro se plaintiff, he should have been excused from complying with the local rules. We disagree. Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), however, pro se litigants must nonetheless "follow the same rules of procedure that govern other litigants," Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.1992), cert. denied, 113 S.Ct. 1336 (1993). Thus, we conclude that the district court did not err in its holding that Ashley had consented to Defendants-Appellees' motion to dismiss by his failure to respond.
 
 
 5
 We therefore AFFIRM the district court's Order dismissing the case. Because we do so on procedural grounds, we need not reach the merits of Ashley's complaint. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Pursuant to the District of New Mexico's local rules, D.N.M.LR-Cv 8.1, the Answer with Affirmative Defenses, together with the memorandum in support, is treated as a motion to dismiss