**Filed 1/24/97**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DEBRA D. HEANEY,

      Plaintiff-Appellant,

v.

OKLAHOMA GOODWILL
INDUSTRIES, INC.,

      Defendant-Appellee.

No. 96-6165
(D.C. No. CIV-95-1645-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Debra D. Heaney, pro se, appeals the district court's order granting summary judgment in favor of defendant. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Defendant employed plaintiff from September of 1993 until June of 1994, when she suffered an on-the-job injury. Plaintiff alleges that defendant was negligent in training her and assigning work to her. She further alleges that defendant discriminated against her on the basis of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213, and Title VII, 42 U.S.C. §§ 2000e to 2000e-17. The district court based its summary judgment order on defendant's statement of the facts because plaintiff did not respond to the motion for summary judgment within eighteen days after it was filed, as required by Rule 7.1(e) of the Local Rules of the United States District Court for the Western District of Oklahoma. The district court allowed plaintiff thirty-nine days to respond, from the date the motion was filed on April 1, 1996, until summary judgment was entered on May 10, 1996.

We review the grant of summary judgment de novo, applying the same standard as the district court. Applied Genetics Int'l, Inc., v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935

F.2d 1167, 1170 (10th Cir. 1991). Although plaintiff is entitled to a liberal construction of her pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), her pro se status does not excuse her from following the rules of court, see Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

We have carefully reviewed the documents filed with this court, as well as the materials submitted to the district court. We have considered plaintiff's arguments in light of those materials. We affirm the district court's May 10, 1996 summary judgment order for substantially the reasons given in that order.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge