F I L E D
United States Court of Appeals
Tenth Circuit

DEC 12 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAHMOUD ELKASSABI,

Plaintiff-Appellant,

v.

ESMAIL SULEIMAN and THE
SOUTHLAND CORPORATION,

Defendants-Appellees.

No. 96-1487
(D.C. No. 96-N-1490)
(Colorado)

**ORDER AND JUDGMENT***

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is

therefore ordered submitted without oral argument.

Mahmoud Elkassabi brought an action pro se against Esmail Suleiman and

the Southland Corporation asserting constitutional violations arising from his

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

employment with Southland at a convenience store. Mr. Elkassabi alleged that Mr. Suleiman, who hired and apparently supervised Mr. Elkassabi, kept him as a virtual slave and that Southland was responsible because Mr. Suleiman was acting in his capacity as a store manager. For the reasons set out below, we affirm the district court's dismissal of the action.

Mr. Elkassabi states that shortly before he brought his action, he appointed one Mark Devenney as his attorney in fact. Although Mr. Elkassabi allegedly believed that Mr. Devenney was in fact a "real" attorney, Mr. Devenney "was not a graduate of any law school, was not an attorney and was not licensed to practice law anywhere." Rec., vol. I, doc.18, at 2. Nonetheless, Mr. Devenney signed several pleadings on behalf of Mr. Elkassabi by power of attorney. Mr. Devenney also conducted settlement negotiations with Southland on behalf of Mr. Elkassabi, obtained a check from Southland representing the estimated amount of overtime pay due plaintiff,[1] and signed a stipulated motion to dismiss Southland with prejudice. Mr. Suleiman, represented by counsel, filed a motion to quash service, asserting that service was void under Fed.R.Civ.P. 4(c)(1) and (e)(2) for failure to attach the complaint to the summons that was served on him. Mr. Devenney, on

---

[1] It is unclear from the record and the pleadings whether the check was hand delivered to Mr. Elkassabi or to Mr. Devenney. Mr. Elkassabi asserts that Mr. Devenney never told him about the settlement negotiations and cashed the check and kept the proceeds, all unbeknownst to Mr. Elkassabi.

behalf of plaintiff, filed a motion to strike this motion.

The case was referred to a magistrate judge, who set a scheduling conference and mailed notice of the conference to Mr. Elkassabi at the address he had supplied to the court. Based on the apparent settlement negotiated by Mr. Devenney and Southland, counsel for Southland was excused from the conference. On the day the conference was to take place, Mr. Devenney filed a motion for continuance, asserting plaintiff was out of the country and had not "had the opportunity to confer with M. Devenney who holds his power of attorney." Rec., vol. 1., doc. 15.[2] Nonetheless, Mr. Devenney appeared on behalf of Mr. Elkassabi until the magistrate judge discovered upon questioning Mr. Devenney that he was not an attorney. The magistrate judge thereupon informed Mr. Devenney that acting as plaintiff's attorney would constitute the unauthorized practice of law and Mr. Devenney did not participate further.

After the conference, the magistrate judge recommended that the motion for continuance be denied because it was not signed by plaintiff and was not timely. The magistrate further stated that the court could not sign the order dismissing

---

[2] We note that although Mr. Elkassabi claims he did not receive notice of the conference, he was shown as pro se in the court docket and the notice was therefore sent to the address he had provided to the court rather than to Mr. Devenney. Nonetheless, Mr. Devenney apparently received notice of the conference in some way because he both filed a motion for continuance and attended.

Southland pursuant to the stipulation because plaintiff had not signed it and Mr. Devenney could not sign it on his behalf. Instead, the magistrate judge entered an order directing Mr. Elkassabi to show cause within ten days why the claims against Southland should not be dismissed for failure to prosecute based on plaintiff's absence from the conference. The magistrate judge recommended that the motion to quash service on Mr. Suleiman be granted because no objection to it had been filed in proper form. Finally, the magistrate judge awarded counsel for Mr. Suleiman attorney fees for the one hour that he spent in attendance at the conference. The district court accepted the recommendations. Accordingly, the court denied the motion for continuance, dismissed the claims against Southland for failure to prosecute because plaintiff had not responded to the show cause order within ten days, granted the motion to quash, and awarded fees to Mr. Suleiman.

On appeal, Mr Elkassabi asserts that he was misled by Mr. Devenney, that he believed Mr. Devenney to be a real attorney, and that he relied upon Mr. Devenney's representations in allowing him to act in the litigation. While this may be true, it does not excuse Mr. Elkassabi's failure to comply with the directives of the court. A pro se litigant "must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Mr. Elkassabi's allegation that he was denied due process by the dismissal of the

claims against Southland must fail because Mr. Elkassabi himself was responsible for the addresses which he provided to the court and to which the notice of the scheduling conference and the show cause order were sent. Had Mr. Elkassabi been more diligent in following the course of the litigation and apprising the court of his current address, he would have been aware of the proposed dismissal and could have opposed it.

We review a dismissal for failure to prosecute under an abuse of discretion standard. <u>Smith v. United States</u>, 834 F.2d 166, 170 (10th Cir. 1987). Such a dismissal is proper where the parties themselves have neglected their cases. <u>Ocelot Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458, 1464 (10th Cir. 1988). Although dismissal with prejudice is a drastic sanction, we are convinced upon a careful review of the record that no abuse occurred here. Accordingly, we affirm the dismissal of the claims against both defendants. In so doing, we are not unsympathetic to Mr. Elkassabi's allegations that he was misled and defrauded by Mr. Devenney. Nonetheless, the court and defendants were entitled to Mr. Elkassabi's diligence in the conduct of this litigation. His complaints against Mr. Devenney must be pursued in another forum.

**AFFIRMED**.

ENTERED FOR THE COURT
Stephanie K. Seymour
Chief Judge

-5-