**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LLOYD ORVIL PAYLOR,

Petitioner-Appellant,

v.

ED EVANS, Warden,

Respondent-Appellee.

No. 96-6397
(D.C. No. CIV-96-286)
(W.D. Okla.)

ORDER AND JUDGMENT*

Before **BALDOCK**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lloyd Orvil Paylor, an Oklahoma state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 20, 1997, we granted petitioner a certificate of probable cause[1] and ordered respondent to file a brief.[2] Respondent's brief was filed on November 28, 1997, and petitioner filed a reply brief on December 2, 1997. Being now fully briefed in the matter, and having carefully reviewed the record, we affirm.

On April 25, 1973, when he was twenty years old, petitioner pled guilty to murder and was sentenced in state district court to life imprisonment. He did not appeal the judgment or sentence, which would have required filing a petition for a writ of certiorari with the Oklahoma Court of Criminal Appeals within ninety days after the entry of judgment, see Okla. Stat. Ann. tit. 22, § 1051(a). Petitioner did, however, within the ninety-day period, file with the district court an "Application for Post-Conviction Relief," seeking relief from his sentence on the grounds that (1) he "only got to talk to a Lawyer about ten minutes" before sentencing and (2) he "wasn't in a Right State of Mind." See Appellant's App.,

---

[1]     Because the petitioner's application for habeas relief was filed on February 23, 1996, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), it is a pre-AEDPA certificate of probable cause that is required, rather than an AEDPA certificate of appealability. United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

[2]     Due to our October 20, 1997 order, "Petitioner's [still outstanding] Objection to Order filed September 19, 1997 [vacating an earlier briefing order], and Motion to Reinstate the [earlier briefing order]" is moot.

tab 6 at 3, 4.  In that document, he asked for the appointment of counsel, see id. at 3, and a copy of the plea transcript, see id. at 4.

On August 15, 1973, without appointing counsel, ordering a transcript,[3] or conducting a hearing, the district court denied petitioner's post-conviction application.  The court relied on a "written statement" signed by petitioner (presumably the "Plea of Guilty:  Summary of Facts" form) to conclude that petitioner "pled guilty of his own free will with full knowledge of his rights."  Id., tab 8 at 1.  This denial was not timely appealed, which would have required the filing of a petition in error with the Court of Criminal Appeals within thirty days, see Okla. Stat. Ann. tit. 22, § 1087.  Although the order indicates on its face that it was mailed to petitioner on the same day it was entered, petitioner claims he never received a copy of this ruling from the court.  See Appellant's App., tab 31 at 3, 6.

The record is less clear as to what transpired after the expiration of both appeal periods (i.e., the time to appeal the judgment and sentence and the time to appeal the denial of the post-conviction application).  In the early months of 1974, petitioner made a number of additional filings in the state district court,[4]

---

[3]     The court had before it the state's response to petitioner's application, which stated in reference to the request for a transcript, "[t]here was no record in the case for the reason that there was no trial."  Appellant's App., tab 7 at 1.

[4]     There is a pleading entitled "Petition for a Writ of Habeas Corpus Ad

(continued...)

which appear to have been ultimately treated collectively as an effort to appeal the August 15, 1973 denial of his post-conviction application. That "attempted appeal" was dismissed on April 16, 1974, as untimely. See Appellant's App., tab 15.

In June of 1974, petitioner filed in the state district court an "Application for Writ of Habeas Corpus and/or Leave to Withdraw Plea of Guilty" and another "Application for Post-Conviction Relief." Ultimately prompted by a writ of mandamus from the Court of Criminal Appeals, the district court denied the post-conviction application in December of 1974. The court again relied only on the "Plea of Guilty: Summary of Facts" form to conclude that petitioner's guilty plea was constitutionally sound. It also cited petitioner's initial post-conviction

_____

[4](...continued)
Subjiciendum and/or A Application for Post Conviction Relief, and/or A Application for Post Conviction Appeal," Appellant's App., tab 9 at 2, sworn to by petitioner on February 4, 1974, and challenging the voluntariness of his plea and the adequacy of counsel. The docket of the state district court does not reflect the filing, but it does indicate that the district attorney filed a response on February 18, 1974. See Appellant's App., tab 27 at 2. That response was entitled "Response to Application for Post-Conviction Relief," and called to the court's attention petitioner's earlier application and the court's August 15, 1973 denial. See id., tab 10. On March 5, 1974, having "not heard from Court on 'Recent' Writ" (referring presumably to his February 4, 1974 pleading), petitioner filed a "Notice of Intent to Appeal to Court of Criminal Appeals." Id., tab 11 at 1. Two weeks later, petitioner filed another "Notice of Intent to Appeal to Court of Criminal Appeals," id., tab 12 at 2, that seems to refer by date to two intervening court orders which appear neither in the record nor on the district court docket sheet. In his filings, petitioner continued to seek appointment of counsel and a copy of the plea transcript.

-4-

application, filed and denied in the summer of 1973, and found that it was not required to entertain another application raising "substantially the same issues." Id., tab 24 at 1.

Over twenty years later, in January of 1995, following petitioner's reincarceration after a period of federal incarceration and the subsequent revocation of his parole, petitioner, represented by current appellate counsel, again filed a habeas petition in state district court. The court declined jurisdiction on the ground that the sentencing court was one of competent jurisdiction. Petitioner then filed the same petition in the Court of Criminal Appeals. Having "no disagreement" with the district court, the appellate court stated that "[p]etitioner has not established that his confinement is unlawful or that he is entitled to immediate release, a necessary prerequisite to the granting of a writ of habeas corpus" and denied the petition. Id., tab 29 at 1-2. It was apparently only with respect to these 1995 filings that the state court or the petitioner had a copy of the plea transcript. According to the record, a certified copy was filed in the underlying criminal case in December of 1994, having been ordered for the first time in 1980 by current appellate counsel when he was first retained by petitioner to evaluate his post-conviction case.

In February of 1996, petitioner filed his habeas petition in federal district court, again represented by current appellate counsel. The district court reached

the merits of petitioner's claims and denied relief. Petitioner now appeals, raising three issues: (1) whether his guilty plea was knowing and voluntary, (2) whether he was denied his right to direct appeal, and (3) whether his plea violated a state statute requiring every plea to be "oral," see Okla. Stat. Ann. tit. 22, § 514. We review de novo the district court's decision to deny habeas relief. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 813 (10th Cir. 1997).

As an initial matter, we must address the issue of state procedural default, which respondent raises in its appellate brief, just as it did in its initial response to the petition in district court. In addressing respondent's procedural default argument in the district court, the magistrate concluded that, based on petitioner's assertion that the unconstitutional conditions of his confinement effectively denied him access to the courts during the relevant period, the court would "assume" that petitioner had established cause for his procedural default and address the merits of the petition. Respondent failed to object to the magistrate's report and recommendation, and this failure constitutes waiver of the procedural default argument. See Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995).

Proceeding to the merits, petitioner's first contention is that his guilty plea was unknowing and involuntary. He claims that he was not adequately advised of the constitutional rights he was waiving and the material elements of the offense with which he was charged, and that his appointed counsel performed

-6-

ineffectively in advising him with respect to his plea. "Whether a plea is voluntary is a question of federal law subject to de novo review." Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir. 1989). Having carefully reviewed the record, we have little to add to the district court's recitation of the applicable law and its analysis, except to answer several specific points raised in petitioner's brief.

First, petitioner alleges that appointed counsel advised him incorrectly regarding punishment by indicating on the "Plea of Guilty: Summary of Facts" form that the minimum imprisonment was "none." Appellant's Br. at 14. Although arguably an ambiguous response when viewed in isolation, it is clear from the transcript of the plea hearing that petitioner knew he was facing a mandatory sentence of life imprisonment. See Appellant's App., tab 26, ex. A at 4 (where petitioner responds affirmatively to the court's inquiries as to whether he knows the penalty for murder is life imprisonment and whether he knows that, on a plea of guilty, that is the only sentence the court can give him); id. at 7 (where petitioner indicates that he heard the district attorney's recommendation of life imprisonment and that it was the recommendation he expected to hear, and where petitioner indicates, after hearing the recommendation, that he still wants the court to sentence him and does not wish to withdraw his plea).

Second, petitioner argues that the trial court failed in its duty to properly advise him of his appellate rights, citing Oklahoma statutes and cases as support. On habeas review, however, we look only to whether a federal right was violated. See Hardiman v. Reynolds, 971 F.2d 500, 505 n.9 (10th Cir. 1992). Accordingly, we do not consider petitioner's state law argument further.

Petitioner also contends that he was denied "his constitutional rights to an attorney for appeal, a transcript for appeal and a first appeal as a matter of right." Appellant's Br. at 20 (upper case and bolding deleted). There is no question that the sixth amendment right to counsel "extends to a defendant's first appeal as of right." Baker v. Kaiser, 929 F.2d 1495, 1498 (10th Cir. 1991). A trial transcript is also a matter of right in that instance. See Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (citing Griffin v. Illinois, 351 U.S. 12 (1956)). The problem in this case is that defendant did not file a direct appeal. Following his guilty plea, petitioner was advised by the court that he had the right to seek review of his judgment and sentence by filing a petition for a writ of certiorari in the Court of Criminal Appeals and that such a petition had to be filed within ninety days. See Appellant's App., tab 26, ex. A at 8.; see also id., tab 4 at 2. In response to the judge's direct inquiry, petitioner said that he understood. See id., tab 26, ex. A at 8; see also id., tab 4 at 2. Notwithstanding these instructions, petitioner did not

seek certiorari in the Court of Criminal Appeals, but instead filed with the trial court an application for post-conviction relief.

Petitioner now argues that this post-conviction application, filed within the appeal period, should have been seen as an unartful attempt to appeal, see Appellant's Br. at 22, or at the very least, gave notice to both the trial court and his court-appointed attorney that he wished to appeal, thus giving rise to a duty to respond to the request for counsel contained therein, see id. at 23. We do not agree. "Normally, when a defendant pleads guilty, he has foreclosed his right to appeal. If a claim of error is made on constitutional grounds, which could result in setting aside the plea, or if the defendant inquires about an appeal right, counsel has a duty to inform him." Laycock, 880 F.2d at 1188 (citation omitted).

In this case, petitioner did not give any indication at the plea hearing that he wished to appeal. There is nothing in the record to suggest that petitioner ever inquired about his appeal right or expressed his desire to appeal, and there is no evidence that counsel knew or should have known of any grounds for an appeal. Indeed, although there is nothing in the record to indicate that counsel had withdrawn from the case, there is no evidence that petitioner sent him a copy of the July 19 post-conviction application, which he now claims provided notice of his desire to appeal. Although the trial court received the filing, nowhere in that document does petitioner claim he is trying to appeal. On the contrary, in

response to a question on the form as to whether he had taken an appeal, petitioner simply responded "no." Furthermore, appeals are not filed with the district court, but rather with the court of criminal appeals, as petitioner was told. Under these circumstances, we cannot conclude that petitioner's constitutional rights were violated when the state court failed to treat the post-conviction application as a request for the appointment of counsel to appeal.[5]

Petitioner suggests in his brief that prison officials played a role in the alleged denial of his appeal right by his statement that "upon inquiry, [he] was furnished the only legal form the prison officials had, a copy of a Post-Conviction Application." Appellant's Br. at 21; see also id. at 24. As we have stated above, however, there is nothing in the record to indicate that petitioner ever expressed to prison officials or otherwise a desire to appeal.

Finally, petitioner argues that because he never actually uttered the word "guilty," his plea is void as violative of a state statute requiring that "[e]very plea must be oral," Okla. Stat. Ann. tit. 22, § 514. We agree with the district court

---

[5]    Petitioner's invocation of Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring liberal construction of pleadings filed by pro se litigants in determining whether they state a claim), does not change our analysis. Pro se litigants are not excused, by virtue of that rule of liberal construction, from following the same rules of procedure that govern other litigants. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992) (failure to comply with federal court's local rules).

that this state law argument is not appropriate for habeas corpus review.  <u>See</u>

<u>Hardiman</u>, 971 F.2d at 505 n.9.

 The judgment of the United States District Court for the Western District of

Oklahoma is AFFIRMED.


      Entered for the Court


      James E. Barrett
      Senior Circuit Judge