**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TERRENCE R. BRIDGEFORTH,

Plaintiff-Appellant,

v.

LARRY FIELDS, Director, Oklahoma
Department of Corrections; GREG B.
LADD, Deputy Director DOC;
KATHY WATERS, Deputy Director
DOC; CLINT JOHNSON, Deputy
Warden LCC; RON WARD, Warden
OSP; CLIFF URANGA, Deputy
Warden OSP; JOE ARDECE,
Correctional Counselor OSP-FCH-4
WALT JACKSON, Personal Property
Supervisor OSP; SCOTT ZACKERY,
Personal Property Staff OSP;
TYRONE THAIN, Unit Manager OSP;
LEE BARRETT, Business Manager
OSP,

Defendants-Appellees.

No. 97-7141
(D.C. No. 96-CV-26-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Terrence Bridgeforth, an Oklahoma state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Bridgeforth filed his complaint on February 8, 1996, naming numerous employees of the Oklahoma Department of Corrections as defendants. The complaint alleged that after Bridgeforth was transferred to the Oklahoma State Penitentiary on June 30, 1995, defendants failed to return various items of his personal property. The complaint further alleged Bridgeforth purchased a bathrobe through a mail order company in late June or early July 1995, but he did not receive it. Based on these allegations, the complaint set forth claims against defendants for "band[ing] together to subject [Bridgeforth] to cruel and unusual punishment by depriving him without due process of law of personal property."

On April 28, 1997, defendants filed a joint motion to dismiss and motion for summary judgment. Bridgeforth did not respond and, on August 26, 1997, the court advised him by letter that his response was overdue. Notwithstanding the letter, Bridgeforth did not respond or seek an extension of time to respond.

Accordingly, on November 25, 1997, the district court granted defendants' motion "for plaintiff's failure to respond."

It is unclear whether the district court's order of dismissal was intended as a sanction for Bridgeforth's failure to prosecute or was intended as a dismissal on the merits. Assuming, arguendo, the dismissal was a sanction for failure to prosecute, we apply an abuse of discretion standard of review. See United States v. Berney, 713 F.2d 568, 571 (10th Cir. 1983). Although pro se litigants are held to less stringent standards than those applicable to licensed attorneys, see Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988), they must nevertheless "'follow the same rules of procedure that govern other litigants.'" Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett, 24 F.3d 136, 139 (10th Cir. 1994) (quoting Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)).

Despite having seven months to prepare a response or to seek an extension of time to prepare a response, and notwithstanding the district court's letter advising Bridgeforth of his overdue response, Bridgeforth did nothing. In light of these facts, and because Bridgeforth has offered no explanation on appeal for his failure to prosecute, we conclude the district court did not abuse its discretion in dismissing the action. See Meade, 841 F.2d at 1521 n.7 (outlining relevant factors as to whether dismissal with prejudice is appropriate sanction for failure to prosecute).

Alternatively, assuming the district court's dismissal was on the merits, we apply a de novo standard of review, Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996), and conclude Bridgeforth's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. The Supreme Court has held neither negligent nor intentional deprivations of a prisoner's property under color of state law that are random and unauthorized give rise to a § 1983 claim where an adequate state remedy is available for the prisoner to use. Hudson v. Palmer, 468 U.S. 517 (1984) (intentional deprivation); Parratt v. Taylor, 451 U.S. 527 (1981) (negligent deprivation). Under either circumstance, the existence of the state remedy supplies "due process" and there is no "deprivation" by the state or its actors. Because Bridgeforth has adequate state remedies available to him to pursue his claims, we conclude he has no viable § 1983 claim.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-