BRISCOE, Circuit Judge,
dissenting:
I respectfully dissent from the majority opinion. I would conclude the district court abused its discretion in granting defendant’s summary judgment motion and in denying plaintiff’s motion for reconsideration.
In Meade v. Grubbs, 841 F.2d 1512, 1520, 1521 n. 7 (10th Cir.1988), we noted three aggravating factors which are generally the focus for district courts in determining whether to deem a matter confessed for violation of local rules: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. We further noted that “only when these aggravating factors outweigh the judicial system’s strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate action.” Id. In Meade, we applied these factors and concluded that dismissal with prejudice was unwarranted.
*788 According to the majority opinion, the Meade standard does not apply because the district court “sanctioned plaintiffs noncompliance with the local rule by simply deeming defendants’ statement of uncontested facts admitted.” Op. at 786. However, the effect of the court’s action was to deem defendant’s summary judgment motion confessed. Where a summary judgment motion is deemed confessed as a result of counsel’s failure to comply with a local rule, we apply the Meade standard. For example, in Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir.1988), this court applied the Meade test where a litigant failed to respond to a summary judgment motion and the motion was deemed confessed pursuant to local rules. See also Green v. Dorrell, 969 F.2d 915, 916-17 (10th Cir.1992) (applying Meade where plaintiff failed to respond to motion to dismiss and the motion was deemed confessed).
After applying the Meade factors, I would conclude the district court’s denial of the plaintiffs request for an extension of time was unreasonable and an abuse of discretion. The district court found this case had been set on the March 2000 docket since October 1999, and that allowing plaintiff to file a late response to the summary judgment motion would delay the trial. The complaint was filed in June 1999. There is no evidence that delaying the case to the April or May 2000 docket would have prejudiced defendant or the court.
The district court found that the litigant was culpable because plaintiffs counsel deliberately chose not to respond to the motion for summary judgment. There is no evidence to support the conclusion that plaintiffs counsel knew that his response was due and failed to file it. To the contrary, plaintiff argues his counsel failed to read Local Rule 7.1(e) and believed, based upon Federal Rule of Civil Procedure 56, that no brief was due until the hearing was scheduled. While failure to read local rules is certainly not a laudable excuse, it is no more culpable than counsel’s conduct in Hancock, where plaintiffs counsel was given the motion for summary judgment and did not notice it in a stack of papers until after the time to respond had passed. The distinction we should draw is the difference between intentional, informed conduct and negligent conduct. Counsel’s conduct here was at most negligent and as in Hancock should not result in the entry of summary judgment for the defendants.
The district court did not evaluate whether the aggravating factors outweighed the judicial system’s interest in resolving cases on the merits. However, a slight delay because of failure to read local rules is insufficient to outweigh the interest in resolving cases on the merits.
I would reverse and remand to permit summary judgment briefing to proceed.